# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DALE LOLLEY, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. No. 23-280-CFC |
| | : |
| HOWARD R. YOUNG CORRECTIONAL INSTITUTION, et al., | : |
| | : |
| Defendants. | : |

Dale Lolley, Howard R. Young Correctional Institution, Wilmington, Delaware. Pro Se Plaintiff.

## **MEMORANDUM OPINION**

January 18, 2024
Wilmington, Delaware

**CONNOLLY, Chief Judge:**

## I. INTRODUCTION

Plaintiff Dale Lolley, an inmate confined at Howard R. Young Correctional Institution (HRYCI) in Georgetown, Delaware, filed this action pursuant to 42 U.S.C. § 1983, naming as Defendants HRYCI and Centurion, a company that previously provided health care services for the Delaware Department of Correction (DDOC). (D.I. 3) Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

## II. BACKGROUND

The following facts are taken from the Complaint and assumed to be true for the purposes of screening.

In August 2022, Plaintiff injured his ankle and Achilles tendon on the sharp edges of his bunk. He alleges that HRYCI was required to fix the hazard but failed to do so, thus causing his injury. He further alleges that his injury did not heal and the wound eventually became infected as a result of Centurion's failure to provide proper health services.

He brings a negligence claim against HRYCI, and negligence and malpractice claims against Centurion. For relief, he requests damages.

## III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (civil actions filed by prisoners seeking redress from governmental entities or government officers and employees). The Court must accept all factual allegations in a complaint as true and view them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario." *Id.*

2

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, however, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an

3

entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" entitlement to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

HRYCI is immune from suit in this Court. The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). The DDOC is an agency of the State of Delaware, and HRYCI falls under the umbrella of the DDOC, and is therefore immune from suit. *See e.g., Evans v. Ford*, 2004 WL 2009362, *4 (D. Del. Aug. 25, 2004) (dismissing claim against the DDOC, because the DDOC is state agency and did not waive Eleventh Amendment immunity).

With regard to Centurion, when a plaintiff relies upon a theory of respondeat superior to hold a corporation liable (rather than its employees or agents themselves), he must allege a policy or custom that demonstrates such deliberate

4

indifference. *See Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003) (because respondeat superior or vicarious liability cannot be a basis for liability under 42 U.S.C. § 1983, a corporation under contract with the state cannot be held liable for the acts of its employees and agents under those theories). Ultimately, to establish that Centurion is directly liable for the alleged constitutional violations, Plaintiff "must provide evidence that there was a relevant [Centurion] policy or custom, and that the policy caused the constitutional violation[s] [Plaintiff] allege[s]." *Natale*, 318 F.3d at 583-84. The Complaint does not refer to any policy or custom of Centurion and does not set forth any constitutional violations allegedly caused thereby. Furthermore, claims for negligence and malpractice are not cognizable under § 1983. *White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (noting that negligence is not compensable as a constitutional deprivation). Accordingly, the claims against Centurion will be dismissed.

## V. CONCLUSION

For the above reasons, the Court will dismiss the Complaint for failure to state a claim upon which relief can be granted pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Plaintiff will be given leave to file an amended complaint.

The Court will issue an Order consistent with this Memorandum Opinion.